## DECEMBER TERM, 1843.

### Montgomery, *et uxor v.* Milliken, *et uxor et al.*

As a general rule, a suit for the recovery of a legacy, should be brought against the executor, in the jurisdiction having cognizance of the will; yet, when the fund, out of which the legacy is payable, is traced to the possession of the heir of the testator, in a different jurisdiction from that having cognizance of the will, the suit may be maintained there.

Where a will, made in another State, is probated there, and the testator has property in this State, and a copy of the probated will is admitted to probate in this State, according to the statute (How. & Hutch. 388); in a suit for a legacy under the will, brought in the courts of this State, a certified copy of the probated copy of the will, from the Probate Court in this State, will be admissible evidence.

Where a legacy was given, payable out of a fund in Louisiana, and the testator had property in this State, which the legatee attempted to subject to the payment of his legacy; *held,* that the property in this State could not be resorted to until the fund in Louisiana was shown to be insufficient.

Where the testator directed certain lots of ground to be sold by his executor, if, in the opinion of the executor, it should be advisable, to accomplish the purposes of the will; *held,* that this was a discretionary power conferred upon the executor personally, and could not be exercised by the administrator, *cum testamento annexo.*

Where the testator, in his will, gave the executor a discretion to sell a portion of his realty, but did not direct an absolute sale; *held,* that the realty was not thereby converted into personalty; and that a pecuniary legacy was not chargeable thereon, unless so expressly provided by the testator.

Where, by the law of Louisiana, a person who has married a second wife, and who has children by his former wife, is interdicted from leaving his widow more than one fifth of his estate, and that only as an *usufruct;* yet makes a will, leaving to his wife a large sum of money absolutely, the legacy is invalid, and the bequest void.

Where, by the law of Louisiana, it is provided, that if a disposal of property by will, exceed the *quantum,* of which a person may legally dispose, the bequest shall not be void, but shall be reduced to the amount which he may rightfully dispose; and the same law also provided, that the husband of a second wife, and who had children by a former, could only bequeath to his second wife, by will, the extent of the *usufruct* of one fifth of his estate; it was *held,* that the bequest by the husband of a second wife, who was domiciled in Louisiana, of an absolute sum of money to her, was void, and could not be reduced, under the provision of the law.

The facts of this case sufficiently appear in the opinion of the Chancellor.

CHANCELLOR.    This suit is brought to recover a pecuniary legacy, claimed under the last will and testament of David Alexander, deceased, who, at the time of his death, was domiciled in the

State of Louisiana, but was temporarily in the State of Kentucky on a travel, where he made his will, appointing William Alexander his executor ; to whom he gave power and instructions, to sell his entire estate in the State of Louisiana, which he held in joint ownership with his wife, and his brother Thomas Alexander ; and directed that five thousand dollars should be given to his wife, out of the proceeds of that sale. The will directs, that the property owned by the testator in this State (consisting of town lots in the city of Natchez), should be sold at the discretion of the executor. This will was probated in the State of Kentucky, in the county where the testator died, and certified to the county of Adams in this State, where letters of administration, with the will annexed, were granted to the defendant, M'Alister ; the will was also certified to the Probate Court of the parish of Concordia in the State of Louisiana, where it was admitted to record, and ordered to be executed, by Thomas Alexander, as *dative testamentary* executor ; the Court having decided that the executor named in the will, being a citizen of another State, could not, under the laws of Louisiana, be allowed to act there. It appears, that the testator left at the time of his death, his wife, who *since intermarried with* the complainant, Montgomery, and one child by a former marriage, who has since intermarried with the defendant Milliken. The bill charges, that there has been a sale in some form of the estate in Louisiana, and that a part of the proceeds have been received by Milliken, and the remainder secured to the separate use of his wife, by means of a deed of trust from said Thomas Alexander to John P. Walworth. That the town lots in this State have been sold by the defendant, M'Alister, and that the proceeds thereof yet remain in his hands. That Thomas Alexander has refused to pay to the complainants the legacy given under the will, and prays that M'Alister may be decreed to pay whatever remains in his hands, and that the remainder may be decreed to be paid by Milliken and wife, through the trustee, John P. Walworth. The first question that presents itself, is, whether this Court has jurisdiction of the case. It was urged, that a suit for the legacy under the will could only be maintained, against the executor in the State of Louisiana, who had charge of the fund out of which the legacy is

Montgomery, et uxor *v.* Milliken, et uxor et al.

payable. Although, as a general rule, a suit for the recovery of a legacy should be brought against the executor, in the jurisdiction having cognizance of the will, yet, where, as in this case, the fund out of which the legacy is payable, is traced to the possession of the defendant, Mrs. Milliken, who is a citizen of this State, and who claims the fund in question as the sole heir of the testator, I can see no defect in the frame of the suit in this particular. Milliken and wife having come into the possession of the particular fund upon which the legacy is charged, they must be regarded as having taken it subject to the trust with which it was clothed in the hands of the executor from whom they received it. The counsel for the defendant made the following point upon the merits.

1. That there is no legal proof of the existence and execution of the will under which the complainants claim.

2. That if the will were proven, the assets in the hands of the defendant, M'Alister, cannot be subjected to the payment of the legacy therein given.

3. That the legacy to the complainant, Mary Ann, who was the wife of the testator, is given absolutely, and not merely in *usufruct*, and is therefore void under the laws of Louisiana.

1. It appears that the will in this case, although made and probated in Kentucky, was admitted to record and ordered to be executed in the State of Louisiana, upon the exhibition of a copy of the will, and probate thereof in the court in Kentucky. The laws of Louisiana provide, that a will made in any other State shall take effect in Louisiana, if it is clothed with all the formalities prescribed for the validity of a will in the place where it was made. Civil Code, Art. 1589.

It is also provided, that such will, where it appears to have been probated before the proper jurisdiction where it was made, may be executed in Louisiana, without any other form than that of having it recorded. Civil Code, Art. 1681, 1682.

The will having been recognized and acted on in the proper court in Louisiana, this Court cannot question the validity of its execution and probate, so far as it affects property within that State. The evidence offered in this case, to establish the existence of the will, consists in a certified copy from the records of the Probate

Court of the county of Adams, showing, that a certified copy of the will from the court in Kentucky, had been admitted to record in this State. It is said that this evidence is inadmissible, because it is a mere copy from a copy. The statute provides, that an authenticated copy of a will made in another State, may be admitted to record in this State. How. and Hutch. 388, sec. 13. It is also provided, that certified copies of all instruments, which are permitted or required to be recorded, shall be received in evidence in any court of law or equity in this State. (How. and Hutch. 610, sec. 34.) These provisions, I think, remove the objection referred to.

2. Upon the second point, I think it clear, that the proceeds of the town lots in this State cannot be pursued in the hands of the defendant, M'Alister. First, because the will directs the legacy to be paid out of the proceeds of the sale of the estate in Louisiana ; the legacy is, therefore, properly chargeable upon that fund, and a resort cannot be had to the general assets of the testator, until that fund is shown to be insufficient. (*Patton* v. *Williams*, 3 Munf. R. 59 ; *Mayrant* v. *Davis*, 1 Desaus. 202.) Secondly, because I am satisfied, that the sale made by M'Alister was illegal and void. The power of selling those lots is made discretionary with the executor named in the will, and did not attach in favor of the administrator with the will annexed. It was the discretion of the executor named in the will, to which the testator confided for determining whether the estate in Mississippi should be sold or not, and not the discretion of one who might be appointed administrator with the will annexed. Hence, we find it has been decided, that where an executor is vested, by the will, with power to sell lands belonging to the estate of his testator, this power cannot be exercised by an administrator with the will annexed. (*Brown* v. *Hobson*, 3 Marsh. Rep. 380.) The will not directing an absolute sale of the lots, they are not to be regarded as converted into personalty, but as having descended to the heir-at-law ; and no rule is better established, than that a pecuniary legacy is never chargeable upon real estate in the hands of the heir, unless such intention is clearly expressed by the testator.

3. The next question is, whether the legacy, in the form in which

it is given, is sanctioned by the laws of the State where the tes-
tator was domiciled at the time of his death. This must deter-
mine the right of the complainants, as against Milliken and wife. It
appears, that the legatee was the second wife of the testator, and
that he had one child by his former marriage. By the laws of
Louisiana, a man who contracts a second marriage, having children
by a former one, cannot give to his wife exceeding one fifth of his
estate, and that only as an *usufruct.* Civil Code, Art. 1754 ; 7
Louisiana Rep. N. S. 665.

The Civil Code provides, that a disposal of property by will,
exceeding the *quantum* of which a person may legally dispose,
to the prejudice of forced heirs, shall not be void, but shall be
reduced to the amount of which he may rightfully deprive such
forced heirs. (Art. 1489.) This reduction is made by deducting
the debts of the testator from the value of his property at the time
of his death, and calculating what is called the "disposable *quan-
tum*," or the remainder. Civil Code, Art. 1492. But these
provisions seem to me to have no application whatever to a case
like the one before me. The very mode pointed out for making
the reduction, shows that a case like this was not within the con-
templation of the lawgiver. The objection here is, that the will
gives to the legatee a greater estate or property in the legacy itself,
than is authorized by the laws of the testator's domicil. If I correctly
understand those laws, the only interest which a husband in such
case can give the wife is an *usufruct* in a portion of his property,
not to exceed one fifth. The legacy given in this case, is one of
absolute property in the thing given ; can the Court undertake to
change the nature of the legacy, by reducing it from one of absolute
property, to one of a mere *usufruct* ? or must the legacy fail alto-
gether as an invalid disposition ? The law has furnished no mode
for reducing an absolute gift of property or money into a mere *usu-
fruct* in that property or money. Nor has the Court any power to
change the language of the bequest, so as to make it conform to
the laws. This would be to make a new will for the testator. I
am reluctantly forced to the conclusion, that the legacy is invalid,
being interdicted by the laws of Louisiana. Nothing can be
clearer upon principle, than that a provision in a will, which contra-

Montgomery, et uxor *v*. Milliken, et uxor et al.

venes the provisions of a positive law, to which the testator was subject, cannot be enforced, either in the country where it was made, or elsewhere.

I have felt great difficulty in coming to a satisfactory conclusion as to the law of this case ; arising from want of acquaintance with the peculiar system of jurisprudence of the State of Louisiana, upon which a correct solution of the different questions so essentially depends.

I shall be gratified to see it submitted to the judgment of the Supreme Court.

Let the complainants' bill be dismissed at their costs.